UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIR MOORMAN,

    Plaintiff,

    v.     No. 3:24 CV 307

RAGLIN and DARTH,

    Defendants.

## OPINION and ORDER

Kir Moorman, a prisoner without a lawyer, filed a complaint alleging that on April 4, 2024, he received a breakfast tray with urine on it. (DE # 2 at 2.) He submitted this complaint for filing on April 18, 2024, just ten business days after the incident occurred. (*Id.* at 4.) Because it is obvious on the face of the complaint that Moorman filed this lawsuit before he exhausted his administrative remedies, this case must be dismissed as legally frivolous. *See* 28 U.S.C. § 1915A (instructing courts to review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

Moorman sues the two officers who passed out the breakfast trays, alleging one of them must be responsible for the urine on the tray. Moorman alleges that he filed a grievance but it was "never responded to or sent back" to him. (DE # 2 at 3.) He further explains that he filed a grievance but it was "never responded to or said to have been

received by facility, which is all I'm required to do by law to exhaust my remedy." (*Id.* at 4.)

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks and citation omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

Moorman alleges that he never received a response or confirmation that his grievance was received. In this situation, the Offender Grievance Process provides instructions on how to proceed:

> If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days.

*See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), at p. 9, available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. Thus, when Moorman did not hear back from the grievance office within ten business days, he needed to notify the Offender Grievance Specialist of that fact, not file a lawsuit. There were still administrative remedies available to him when he filed this lawsuit, and therefore he filed suit before exhausting his administrative remedies.

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Moorman did not exhaust his administrative remedies before he filed suit, and therefore this case must be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

**SO ORDERED.**

Date: May 21, 2024

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT